IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN RICHARD ROGOWITZ, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1776-VAC |
| THE MALLARD LAKE COMMUNITY ASSOCIATION, INC., | : |
| Defendant. | : |

John Richard Rogowitz, Selbyville, Delaware. Pro Se Plaintiff

Eileen M. Ford, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware.  Counsel for Defendant.

**MEMORANDUM OPINION**

May 9, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff John Richard Rogowitz appears *pro se* and proceeds *in forma pauperis*. He commenced this action on December 20, 2021. (D.I. 2). Before the Court had an opportunity to screen the case, Defendant filed motions to dismiss. (D.I. 10, 12). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff filed this matter as a complaint and request for injunction. (D.I. 2). He asserts this Court has jurisdiction by reason of a federal question and diversity of citizenship. (*Id*. at 3). The civil cover sheet refers to this matter as a foreclosure action. (D.I .2-2). The Complaint alleges that "a cloud on all title activity exists due to no definitive claimant of ownership of the due notes due to divergent paths taken by both the mortgage note and by the deed of trust." (D.I. 2 at 4). Plaintiff alleges the denial of his right to "due process and constitutional rights per improper mortgage company procedures, both servicing through an independent broker/realtor, and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities." (*Id*. at 5). Plaintiff seeks compensatory and punitive damages. (*Id*.).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

1

defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Complaint will be dismissed for lack of jurisdiction. I have reviewed the Complaint and it does not raise a federal civil claim for violations of the United States Constitution or federal statutes. *See* 28 U.S.C. § 1331. Plaintiff alleges violations of his right to due process and constitutional rights in a conclusory manner, yet the Complaint states no such claims. In addition, both parties are in domiciled in Delaware and, therefore, there is no diversity of citizenship as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

The Court does not have jurisdiction over this matter. Therefore, the case will be dismissed.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot the pending motions to dismiss; and (2) dismiss the Complaint for want of jurisdiction. The Court finds amendment futile.

An appropriate Order will be entered.